___



**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**
___

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| **In re:** | ) | | |
| | ) | | |
| **SEAN T. HANNIGAN and** | ) | **Case No.:** | **16-14201-JDW** |
| **LINDSEY R. HANNIGAN,** | ) | | |
| | ) | | |
| **Debtors.** | ) | **Chapter:** | **7** |

## ORDER TO SHOW CAUSE

On November 20, 2016, Sean T. and Lindsey R. Hannigan (the "Debtors") filed their chapter 7 bankruptcy petition (Dkt. # 1). The Debtors amended their schedule of assets on January 24, 2017, to list a potential personal injury claim against Kroger (Dkt. # 24). On February 15, 2017, attorney Brandon Scott Leslie with the law firm of John Michael Bailey Injury Lawyers filed his Application for Employment of Attorney Specially (the "First Application to Employ") (Dkt. # 25), seeking to be employed to pursue a personal injury lawsuit on behalf of Mrs. Hannigan arising out of a slip and fall incident which occurred on August 21, 2016 (the "Personal Injury Case"). On April 6, 2017, Mr. Leslie filed an Application to Compromise Controversy (the "Application to Compromise") (Dkt. # 38). The First Application to Employ was denied on May 16, 2017 (Dkt. # 56), for Mr. Leslie's failure to submit an order as directed (Dkt. # 50). No response was timely filed to the Application to Compromise, so on June 21, 2017, the Court entered an Order granting it (the "Compromise Order") (Dkt. # 61).

The Compromise Order approved the settlement of the Personal Injury Case for the gross amount of $15,000.00, but specifically provided that "special counsel having failed to get his employment approved by the Court, the settlement funds will be transferred by the insurance carriers to the Chapter 7 Trustee for administration," with the trustee to pay the outstanding medical expenses and liens related to the incident. The Compromise Order further provided that "upon proper application to the Court and entry of an Order, the Chapter 7 Trustee shall be authorized to pay the said firm of John Michael Bailey Injury Lawyers its attorney fees and expenses from the gross settlement proceeds, provided that no fees or expenses may be paid to said special counsel unless and until the Court approves his employment."

Mr. Leslie filed his Second Application to Employ Attorney Specially on July 11, 2017 (Dkt. # 63), which was unopposed and thus granted by the Court on August 10, 2017 (the "Employment Order") (Dkt. # 69).  The Employment Order approved the employment of Mr. Leslie, but also provided that "compensation [was] to be determined upon proper application to the Court at the appropriate time."  No Application for Compensation was ever filed in this case.

The case docket reflects no substantive activity over the following year, and the case appeared to the Court to be stagnant, so on December 6, 2018, the Court set the case for a status hearing to be held on January 8, 2019 (Dkt. # 75).  Neither Mr. Leslie nor the chapter 7 trustee attended the status hearing.  Tracy Buster Walsh, Debtors' counsel, appeared at the hearing.  Ms. Walsh represented to the Court that it was her understanding that the settlement proceeds had never been turned over to the chapter 7 trustee as required by the Compromise Order.  Instead, in direct contravention of both the Compromise Order and the Employment Order, special counsel retained his percentage fee and expenses from the settlement funds, paid the associated medical liens himself, and then disbursed the net proceeds directly to Mrs. Hannigan, who spent the proceeds.   Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that Brandon Scott Leslie shall **APPEAR AND SHOW CAUSE** on **February 13, 2019, at 10:30 a.m.,** at the United States Federal Building, 911 Jackson Avenue East, Oxford, MS  38655, as to (1) why he should not be required to disgorge to the chapter 7 trustee the attorneys' fees and costs he received from the Personal Injury Case, and (2) why sanctions should not be imposed for his failure to comply with the Order.  Such sanctions may be in the form of repayment to the bankruptcy estate of amounts he or his law firm improperly disbursed to the Debtors and/or additional monetary sanctions.

##END OF ORDER##